GOULD, J.,
dissenting in part:
I concur in Parts I and III, but I respectfully dissent from Part II. The majority takes the logical fallacy of post hoc ergo propter hoc to new heights. I cannot agree that Cox, by showing only that she was disciplined and terminated after she asked about workers’ compensation, has raised a genuine issue of fact about a causal link between her invocation of the system and her termination. Because Cox has not met her prima facie burden under *551 Oregon law, I would affirm the district court’s grant of summary judgment for Wal-Mart on the retaliation claim.
To prevail on a retaliation claim under Oregon Revised Statute section 659A.040(1), Cox must show that Wal-Mart discriminated against her because she invoked the workers’ compensation system. While it is true that “in some cases, causation can be inferred from timing alone where an adverse employment action follows on the heels of protected activity,” such an inference only arises when “the termination ... occurred fairly soon after the employee’s protected expression.” Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1065 (9th Cir.2002) (internal quotation marks and citation omitted) (collecting cases and noting that periods as short as four months were “too long” to support the causal inference). Here, Cox was terminated more than seven months after she invoked the workers’ compensation system. That fact, -without more, does not support an inference of retaliatory motive.
Moreover, under our established precedent, even assuming Cox met her prima facie burden, that is not the end of the inquiry. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) (holding that the burden shifts to the employer “to articulate some legitimate, nondiscriminatory reason for the employee’s rejection.”).[1] If the employer supplies a legitimate, nondiscriminatory reason for its actions, the burden shifts to the plaintiff, who must then show that the reason provided by the employer was pretext for an impermissible reason. Id. at 804, 93 S.Ct. 1817. Wal-Mart provided legitimate reasons for its disciplinary steps, but Cox did not adduce any evidence that Wal-Mart’s stated reasons were pretextual. Instead, Cox alleges that the discipline she received was unfair; but a bare allegation falls short of establishing retaliation. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989) (“A summary judgment motion cannot be defeated by relying solely on eonelusory allegations unsupported by factual data.”).
I respectfully dissent as to Part II.

. We have held that "the McDonnell Douglas burden-shifting scheme is federal procedural law” and that it applies to claims brought under Oregon Revised Statute section 659A. Snead v. Metro. Prop. & Cas. Ins. Co., 237 F.3d 1080, 1092 (9th Cir.2001).